The People of the State of New York ex rel. Buffalo Gas Company, Respondent, *v.* The State Board of Tax Commissioners, Appellants.

**Tax — certiorari to review special franchise tax — when return by state board of tax commissioners is not a compliance with requirement of Tax Law.**

The Tax Law (§ 292, Cons. Laws, chap. 60, L. 1909, chap. 62) requires that the return by the State Board of Tax Commissioners to a writ of certiorari to review the assessment of a special franchise "must concisely set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll and *the grounds for the valuation* made by the assessing officers." A return to such a writ which states "That in arriving at the value of the intangible property to be considered in making the said valuation of the special franchise, said board did not limit itself to any one fixed rule or method of determining said value, but in arriving at such value, applied the tests of the so-called net earnings rule and of the so-called stock and bond theory, so far as capable of being applied to the facts and circumstances presented by this case, and in the light of these tests and of all other circumstances and conditions affecting the value of said intangible property which were before it as aforesaid. exercised its best judgment as to the value of said intangible property," is not a compliance with the direction of the statute. The commissioners should disclose the *modus operandi* leading to the result which they reach.

*People ex rel. Buffalo Gas Co.* v. *State Bd. of Tax Comrs*, 137 App. Div. 358, affirmed.

(Argued May 2, 1910; decided June 17, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 8, 1910, which reversed an order of Special Term denying a motion for a further return to a writ of certiorari and granted said motion.

The following question was certified: "Was the further return filed by the defendants to the writ of certiorari granted in this proceeding sufficient in law?"

The facts, so far as material, are stated in the opinion.

*Edward R. O'Malley, Attorney-General (Edward H. Letch-worth* and *Egburt E. Woodbury* of counsel), for appellants. The amended return made by the defendants herein is sufficient in law. (*People ex rel. M. R. R. Co.* v. *Barker*, 152 N. Y. 417; *People ex rel. Buffalo Assn.* v. *Stillwell*, 190 N. Y. 284; *People ex rel. B. C. R. Co.* v. *Tax Comrs.*, 199 U. S. 48; *People ex rel. Kendall* v. *Feitner*, 51 App. Div. 196; *People ex rel. Bishop* v. *Feitner*, 116 App. Div. 452; *Matter of Nisbet*, 3 App. Div. 171; *Matter of Cathedral of the Incarnation*, 91 App. Div. 543; *People ex rel. N. Y., O. & W. R. Co.* v. *Tax Comrs.*, 132 App. Div. 604; *People ex rel. E. G. L. Co.* v. *Barker*, 144 N. Y. 94.) The defendants are not required to set forth in their return their individual mental processes, their mathematical calculations or the relative weight given by them in dollars and cents to various conflicting considerations. (*People ex rel. J. W. S. Co.* v. *Tax Comrs.*, 196 N. Y. 39; *People ex rel. Heiser* v. *Gilon*, 51 N. Y. S. R. 825; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Priest*, 61 App. Div. 617; *People ex rel. W. U. Tel. Co.* v. *Priest*, 61 App. Div. 617; *People ex rel. Trowbridge* v. *McNamara*, 18 App. Div. 17; *People ex rel. Wiebusch* v. *Roberts*, 18 Misc. Rep. 530; *People ex rel. N. Y., O. & W. R. Co.* v. *Tax Comrs.*, 132 App. Div. 604; *B. E. R. R. Co.* v. *City of Brooklyn*, 16 Misc. Rep. 416; 11 App. Div. 127; *Matter of Village of Medina*, 52 Misc. Rep. 621; *City of New York* v. *Streeter*, 91 App. Div. 206; *W. A. & G. P. Co.* v. *Sickles*, 72 U. S. 580; *Fayerweather* v. *Ritch*, 195 U. S. 276; *Coulter* v. *L. & N. R. Co.*, 196 U. S. 599.)

*Louis L. Babcock* for respondent. The state board of tax commissioners failed to make such a return to the relator's writ of certiorari as is prescribed by law. The relator is entitled to a further return for the amended return is insufficient. (*People ex rel. J. W. S. Co.* v. *Tax Comrs.*, 196 N. Y. 39; *People ex rel. C. G. Co* v. *Feitner*, 78 App. Div. 313; *People ex rel. N. Y., O. & W. R. R. Co.* v. *State Board*, 132 App. Div. 604.)

WILLARD BARTLETT, J.   This is a certiorari proceeding under the Tax Law to review the special franchise assessment against the relator in the city of Buffalo for the year 1909. The state board of tax commissioners fixed the valuation of the special franchise at two millions of dollars.   It is not necessary to consider the original return to the writ, for the state board substituted therefor an amended return, the sufficiency of which is here in question.

Among the grounds for the valuation of the special franchise, set out in subdivision II of the amended return, the state board specifies the examination, investigation and inquiry made by and on behalf of such board " and such other facts as are contained in the annual report of the relator for the year 1908, the objections, evidence and oral arguments presented by the relator on the day set for a hearing by said State Board of Tax Commissioners, pursuant to statute, the reports of local assessors or other officers of the village, town or city in which said special franchises are situate, the reports made to said board by its agents, experts, or other investigators, and all the papers and documents, for the said year and previous years, filed by the relator, all of which reports, documents, papers and records are on file in the office of the said State Board of Tax Commissioners and are hereby incorporated into and made part of this return by reference as if herein at length set forth."

In subdivision III of the amended return it is stated that the board made no separate valuations of the tangible and intangible property but made the valuation of the special franchise in gross and as a whole.   The return proceeds:

" That in arriving at the value of the intangible property to be considered in making the said valuation of the special franchise, said board did not limit itself to any one fixed rule or method of determining said value, but in arriving at such value, applied the tests of the so-called net earnings rule and of the so-called stock and bond theory so far as capable of being applied to the facts and circumstances presented by this case, and in the light of these tests and of all other circum-

1910.]   People ex rel. Buffalo Gas Co. *v.* Tax Comrs.   165

N. Y. Rep.]    Opinion of the Court, per Willard Bartlett, J.

stances and conditions affecting the value of said intangible property which were before it as aforesaid, exercised its best judgment as to the value of said intangible property."

This statement does not seem to us to be a compliance with the direction of the statute that the return " must concisely set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll and *the grounds for the valuation* made by the assessing officers." (Tax Law, § 292; Laws of 1909, ch. 62; Cons. Laws, ch. 60.) In its application to special franchise cases we have heretofore expressed the opinion that the legislature intended that the assessing officers should tell the court how they got at the valuation; " in other words, that they should disclose the *modus operandi* leading to the result which they reached." (*People ex rel. Jamaica Water Supply Co.* v. *State Board of Tax Commrs.*, 196 N. Y. 39, 54.) The language quoted from the amended return tells us what the state board of tax commissioners did not do in valuing the relator's special franchise in Buffalo, but it fails to indicate with any clearness of accuracy what the board did. We are not told how far either the net earnings rule or the stock and bond theory was deemed applicable or how far it was actually applied. If the commissioners had stated that the application of the net earnings rule worked out a given valuation and that the application of the stock and bond theory worked out a given valuation, and that they regarded both these valuations as unsatisfactory and, therefore, adopted a valuation of two millions by using both methods, showing how and to what extent they used them, their return would have been a substantial compliance with the requirement of the statute. The Tax Law entitled the Buffalo Gas Company when it sued out its writ of certiorari in this case to be informed by the return thereto what were the grounds for the valuation of its special franchise in the city of Buffalo for the year 1909 at the sum of two millions of dollars. It is impossible to ascertain what were those grounds from the statement that two different methods of assessment were applied " so far as capable of being applied to the facts and circumstances presented by

**166**   People ex rel. Buffalo Gas Co. *v.* Tax Comrs.   [June,

Opinion of the Court, per Willard Bartlett, J.   [Vol. 199.

this case," whereupon the state board of tax commissioners "exercised its best judgment." There is nothing to show how far either method was deemed capable of application. The attorney-general, in his brief, says : " The relator can figure out as well as the defendants the various results which can be reached by testing these facts by the net earnings rule or the stock and bond theory, which results will, as has been seen, vary with the variation in the facts so taken." In so doing, however, the relator cannot be certain that it is following the course actually pursued by the state board in fixing the value of its special franchise. It will be a mere matter of supposition. A statement of the grounds upon which the valuation was in fact based is what the statute contemplates — not merely a statement from which the grounds may be guessed at.

In the case of an assessment of real estate for purposes of taxation, a statement in the return to a writ of certiorari that the ground of the valuation fixed by the assessing officers was their own judgment of the value of the property, derived from their own knowledge, would seem to be sufficient, though not to be commended (*People ex rel. Trowbridge* v. *McNamara*, 18 App. Div. 17), but in the case cited our chief judge, then an associate justice of the Appellate Division, pointed out that while the assessment of real property and that of personal property were both subject to review by the same proceedings, there was a manifest difference in the application of those proceedings to the two different classes of property, plainly intimating that in the case of personal property there must be something more than a mere statement that the assessing officers valued it according to their own judgment. The difference is even more marked when the property to be assessed is that intangible entity known as a special franchise. The elements that enter into its value may be so numerous and variable that it is utterly impossible for the taxpayer or the court to ascertain whether it has been assessed fairly and justly unless some ground of valuation is set forth more enlightening than a bare declara-

tion that the assessing officers exercised their best judgment. As applied to a special franchise this is tantamount to a refusal to state any ground at all.

We are unable to concur with the view of the attorney-general that it is impracticable or impossible to describe more fully the method by which the valuation was reached. This may be done, as we have already indicated, by a brief additional statement showing affirmatively how they acted instead of negatively how they did not act. In requiring the return to show the grounds for the valuation of a special franchise, the statute imposes no onerous task upon the state board of tax commissioners, nor has it been made burdensome by judicial construction. Our experience in this class of cases indicates that the requirement can generally be complied with by a statement not exceeding in length half a page of a printed record. Counsel representing the board in such cases seldom experience any difficulty in stating orally to the court the grounds of valuation actually adopted. If the same matter were stated in the return there would usually be no basis for criticism.

The order appealed from should be affirmed, with costs, and the question certified answered in the negative.

Gray, Haight, Hiscock and Chase, JJ., concur ; Cullen, Ch. J., not sitting.

Order affirmed.